CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 26 2011

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL C. GRAYBILL, JR. | ) |
| | ) Case No. 7:11CV00331 |
| Petitioner, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| | ) |
| HAROLD CLARKE, DIRECTOR | ) By: James C. Turk |
| | ) Senior United States District Judge |
| Respondent | ) |

This matter, brought as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, is before the court upon Petitioner Paul C. Graybill, Jr.'s motions for interlocutory injunctive relief. Upon review of the record, the court concludes that they must be summarily denied.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial,[1] the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). A showing of a "strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." Id. at 22. Each of these four factors must be satisfied before interlocutory injunctive

---

[1] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that petitioner is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010).

The court has stayed disposition of this habeas action, based on Graybill's stated intent to amend his already-lengthy petition and attachments; the court directed him to submit the amendment by October 3, 2011. Graybill submitted several other motions instead, with hundreds of supporting documents, asking the court to direct prison officials to make exceptions to prison procedures regarding postage, photocopies, and law library access, and asking for additional time to amend, so that he could submit yet more documentation to the court. By order entered October 17, 2011, the court granted Graybill **ten days** to submit a short, plain statement of any amendments that he seeks to add to his § 2254 petition and a list of documents that he wants to submit in support of the petition. The October 17 order specifically directed Graybill NOT to send any other documentation at this time.

In Graybill's first motion for interlocutory injunctive relief (Motion I), he asks the court to order the prison library supervisor, Ms. Bird, to print copies of documents from his computer files. In the second motion, Graybill admits that Bird has provided him with these documents. Therefore, Motion I is moot and will be denied on that ground.

In his second motion (Motion II), Graybill claims that one librarian had verbally promised to schedule him for a total of 30 library periods between October 17 and 29, 2011, but when the written library calendar issued, Graybill was not scheduled for any library time during this time span. He asserts that officials "removed" him from the schedule in retaliation for his filing Motion I and with an intent to interfere with his preparation of his habeas submissions. He asks the court to order officials to allow him to use the library during each period of

availability every day for the next three months (into mid-January 2012) so that he may "complete all needed research."

Graybill's allegations in Motion II fail to demonstrate that he will suffer any irreparable harm in the absence of the requested court intervention. The challenged law library schedule issued only a few days before he filed Motion II, and he offers no evidence that defendants have refused to revise the schedule or otherwise make arrangements for him to conduct legal research. Moreover, Graybill does not state any particular legal issue that requires research or otherwise explain how more limited access to the law library will cause any particular harm to his ability to present his legal claims to the court for redress. Inability to prepare what he considers to be the perfect legal brief does not qualify as irreparable harm.[2]

Graybill also fails to allege any facts in support of his conclusory assertion that the librarian issued the schedule without including his name because officials were retaliating against him in some way. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (finding inmate's retaliation claim to be frivolous, where it "failed to contain any factual allegations tending to support his bare assertion" that defendant's actions were retaliatory) (omitting internal quotations). As Graybill's unsupported retaliation claim is legally frivolous, he fails to demonstrate likelihood of success on this claim.

---

[2] See, e.g., Lewis v. Casey, 518 U.S. 343, 351 (1996) (finding that to state civil rights claim of denial of access to the court, inmate must produce evidence that limitations of access rendered him unable to file initial pleading or caused him to submit pleading so technically deficient that it was dismissed without consideration of the merits). If Graybill wishes to pursue a separate lawsuit, raising a civil rights claim for denial of access to courts, he will first be required to exhaust administrative remedies on this issue to all levels of the prison's remedies' procedure, pursuant to 42 U.S.C. § 1997e(a), and to consent to paying a $350.00 filing fee from his inmate trust account. As it is clear from his current submissions that he has not yet exhausted administrative remedies in compliance with § 1997e(a), the court will not construe his motion as a separate civil rights action.

Graybill thus fails to satisfy all four elements of the Winter test, so as to warrant the interlocutory relief he seeks. The court will deny relief on Motion II accordingly. An appropriate order will issue. The clerk will send a copy of this order and Appendix to petitioner and counsel of record for the respondent.

ENTER: this 26th day of October, 2011.

/s/ James C. Turk
Senior United States District Judge